### No. 12,469.

### ERNEST DIONNE VS. NEW IBERIA REFINING AND PLANTING ASSOCIATION.

A contract which contains a stipulation to the effect that the obligor guarantees the trade of his laborers and lessees to the tenant of his storehouse, so far as he is able to control the same, is not an agreement to coerce the laborers and lessees to purchase goods from the proprietor of the store. Hence, such a contract is not *contra bonos mores.*

APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia. *Voorhies, J.*

*Walter J. Burke* for Plaintiff, Appellee.

*Foster & Broussard, T. H. Thorpe* and *Andrew Thorpe* for Defendant, Appellant.

Argued and submitted December 27, 1897.
Opinion handed down February 23, 1898.
Rehearing refused May 30, 1898.

The opinion of the court was delivered by

WATKINS, J. Plaintiff alleges that, during the year 1894, he was solicited by the defendant corporation, represented by William Taylor as its authorized agent, to go upon the Morbihan plantation, in the parish of Iberia, of which it was owner, and then in cultivation, and to open a store thereupon " as a convenience to the laborers and others on said plantation."

That he yielded to its request and accepted a lease of a storehouse on said plantation, and in the written contract of lease is the following stipulation, viz. :

" The lessor will guarantee the payment of all accounts made by their employees in the store with their knowledge and consent, to the extent of wages due them; and further guarantee the trade of their lessees and labor in so far as they are able to control same, and the payment of all accounts contracted by them."

The original lease was signed by the defendant company represented by Wm. R. Taylor, as manager, accepted by the plaintiff,

and their signatures were attested by two witnesses; and the clause above quoted and relied upon is endorsed thereon as a marginal note, and signed in like manner.

The representations of the plaintiff are that the defendant had in its employ a large number of laborers on said plantation during the years 1894 and 1895, while the lease was in force, to whom he sold merchandise and made advances; and that when living up to its contract the association was in the habit of deducting from the wages of laborers and employees the amount of their store accounts; still in many cases * * * it failed to deduct the amount due him, and caused him to lose the collection of these various amounts due him from the various parties whose names and the amounts which each respectively owes, are set forth in a statement annexed,'' etc., aggregating one hundred and ninety-five dollars.

He further represents that during the continuance of his lease the defendant collected from the various laborers and employees on said plantation various sums due him by said laborers and employees for merchandise sold and advances made, aggregating one thousand dollars, and has failed to pay over or account for same.

He further represents that not only the said association did not secure to him the trade of its laborers and employees, as it guaranteed to do, but, on the contrary, it encouraged the tenants to open competition with him in his business by encouraging their laborers and employees to purchase merchandise from other persons; and that this competition caused him a loss of two thousand dollars, which the defendant association owes him under its contract.

He avers full compliance with all the terms of his contract, and that he placed defendant *in mora* before the institution of suit; and his prayer is for judgment for the three several sums demanded, aggregating three thousand one hundred and ninety-five dollars, with legal interest.

To the petition are annexed lists A, B, and C; on which are given the names of the defendant's laborers and the amounts of their accounts on which the plaintiff's demands are founded.

The defendant's answer is a general denial.

After considerable testimony had been taken, and much difficulty having been experienced in establishing certain facts, plaintiff's counsel tendered and filed, over the defendant's objections, a supplemental petition, and thereto annexed interrogatories on facts and

articles to the vice president of the defendant company; and the defendant's counsel filed an answer and set out several objections, viz.:

(1) That the petition came too late; (2) that the materiality of the testimony is not alleged; (3) that there is no affidavit attached to the motion; (4) that the interrogatories propounded are immaterial to the issue.

On the conclusion of the trial the judge *a quo* assigned the following reasons for his judgment, viz.:

"The court finds that this case is predicated on a written contract of lease entered into between the plaintiff on the one side and Wm. R. Taylor, acting as the agent of the defendant corporation, on the other side.

"The court is of opinion that the right and power of Wm. R. Taylor to make this agreement has been satisfactorily shown, and that the contract has been satisfied by the silent acquiescence, by the acts and admissions of the president and other accredited agents of the defendant corporation, as well as their business relations with the plaintiff.

"The court considers as not written that part of the contract wherein the defendant binds itself to coerce its laborers to purchase from the plaintiff, believing that part of the contract to be against public morals and public policy, and not enforceable.

"The court is of opinion that the accounts designated on lists B and C, amounting to a total of four hundred and fifty-five dollars and twenty-two cents are due the plaintiff by the defendant corporation and must be paid.

"The evidence regarding accounts carried on list A is not satisfactory, and plaintiff's demand for the amount represented by it must be denied.

"The court is of opinion that no damages can be awarded, as none have been proven."

On this statement the court pronounced judgment in favor of the plaintiff for the sum of four hundred and fifty-five dollars and twenty-two cents with legal interest from judicial demand; and from that judgment the defendant prosecutes this appeal.

In this court the plaintiff and appellee has filed no answer to the appeal nor requested any amendment of the judgment which is appealed from; hence the only question is whether the judgment

shall be affirmed as it stands or reduced. It can not be increased; and list A and the plaintiff's demand for damages are not before us at all.

The argument in the brief of defendants' counsel is chiefly directed to the two propositions, (1) that the authority of Wm. R. Taylor in signing the act of lease to the plaintiff is not fully and satisfactorily shown; (2) that a contract which is illegal in respect to one of several considerations is illegal as to the whole.

The record discloses that the first proposition was the subject of much controversy during the progress of the trial, and this resulted in a great number and variety of objections being reserved, but upon a fair consideration of the whole evidence they have disappeared altogether.

Conceding the law to be on the second proposition as claimed by counsel for the purpose of the argument, we must say that we are disinclined to consider the clause of the contract referred to by the District Judge as one binding it " to *coerce* its laborers to purchase from the plaintiff," and, therefore, not a contract *contra bonos mores*. The clause is in those words, viz.:

"And further guarantee the trade of their lessees and labor in so far as they are able to control same," etc.

We do not construe that phraseology as intimating even the employment of force.

The corporation had a perfect legal right to guarantee the trade of the lessees and laborers *as far as it was able*.

In this view of the contract the law cited and relied upon by the defendants' counsel is not applicable, but it can not benefit the plaintiff by entitling him to an increase of the judgment, as he prayed for no amendment of it.

An attentive examination of the case has satisfied us that the judgment appealed from has done substantially justice between the parties.

Judgment affirmed.

BREAUX, J. concurs in the decree.